**LAW OFFICE OF SAM A. SCHMIDT**
THE TRINITY BUILDING
111 BROADWAY
NEW YORK, N.Y. 10006
(212) 346-4666
FACSIMILE (212) 346-4665
E-mail lawschmidt@aol.com

**Sam A. Schmidt, Esq.**
───────────────
Laurie Auguste, Paralegal

September 9, 2014

Honorable Loretta A. Preska, USDJ
United States District Court
Southern District of New York                    ECF
500 Pearl Street
New York, N.Y. 10007

      Re: *U.S. v. Mark Goldberg*
          12 Cr. 864 (LAP)

Dear Judge Preska:

      I was assigned by your Honor to consult with Mr. Goldberg in relation to the appeal he filed. I was also asked by chambers to consult with Mr. Goldberg about the motion he filed to "suspend or modify" his sentence. I have now reviewed all of the necessary documents and transcripts and have met with Mr. Goldberg on two occasions.

      Mr. Goldberg understands that by agreeing to and being sentenced pursuant to the plea agreement his appeal serves no purpose and has authorized me to withdraw his appeal. Not having been assigned to represent Mr. Goldberg on the appeal, I request your Honor's authorization to file the necessary papers and bill for my time pursuant to the Criminal Justice Act.

      As for the motion to "suspend or modify" his sentence, Mr. Goldberg now understands that there is no legal basis for such a motion. He has authorized me to withdraw that motion and by this letter, I do so request that the motion be withdrawn.

1

However, during my review of the case and conversations with Mr. Goldberg, I have determined that issues relating to prior counsel's representation my be subject to a petition pursuant to 28 U.S. § 2255, notwithstanding the terms of the plea agreement. Specifically, the voluntariness of the *Fatico* hearing waiver and the sentencing submission and oral argument of issues that appear to be the issues that were to be the basis of the *Fatico* hearing, require, in my opinion, further examination.

Though the CJA does not require the assignment of counsel to assist a defendant in pursuing a 28 U.S.C. § 2255 petition, 18 U.S.C. § 3006A, authorizes such assignment whenever the court "determines that the interests of justice so require" to a financially eligible person.  It is my understanding that Mr. Goldberg has previously been found to be financially eligible. I believe that the interests of justice require such an assignment. I suggest that counsel be assigned from the panel of attorneys who regularly assist on such petitions.

In order to consult with counsel assigned to assist in preparing and filing a petition pursuant to 28 U.S.C. § 2255, if your Honor appoints counsel, or to prepare his own motion with the assistance of the *pro se* clerk, Mr. Goldberg has requested that his surrender to his designated Bureau of Prisons facility be extended from the present date, September 30, 2014 until November 3, 2014.

Should your Honor have any questions, please feel free to contact our office.   A copy of this letter has been forwarded to Mr. Goldberg.

               Sincerely yours,

                /s/
               Sam A. Schmidt

cc: Mark Goldberg, By Email