UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>-against-<br><br>MARK GOLDBERG,<br><br>               Defendant. | No. 12 Cr. 864 (LAP)<br><br>ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

    The Court is in receipt of Defendant Mark Goldberg's pro se application for early termination of his term of supervised release. (See dkt. nos. 114, 117.)  The Government opposes Mr. Goldberg's application.  (See dkt. no. 116.)  For the reasons set forth below, Mr. Goldberg's request is DENIED.

    The Court, after considering the factors set forth in 18 U.S.C. §3553(a)(1)-(7), may "terminate a term of supervised release . . . at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."  See 18 U.S.C. §3583(e)(1).  In addition to consideration of the Section 3553(a) factors, early termination of supervised release may be warranted where "new or unforeseen circumstances" arise. United States v. Lussier, 104 F.3d 32, 35-36 (2d Cir. 1997).  These "circumstances" may include

"exceptionally good behavior." id., or employment disadvantages, see United States v. Harris, 689 F. Supp. 2d 694 (S.D.N.Y. 2010).

First, Mr. Goldberg's application is premature. 18 U.S.C. Section 3583(e)(1) explicitly requires that a defendant be on supervised release for at least a year before the Court may consider early termination. Mr. Goldberg has been on supervised release for less than 10 months and is therefore ineligible for early termination.

Second, even assuming arguendo that his request was not premature, Mr. Goldberg has failed to identify any new or unforeseen circumstances which would warrant an early termination of his term of supervised release.  For example, Mr. Goldberg argues that his full compliance with the conditions of his supervised release warrant termination.  But mere compliance with the terms of supervised release do not amount to extraordinary circumstances that would justify termination. United States v. Rasco, No. 88 CR 817 (CSH), 2000 WL 45438, at *2 (S.D.N.Y. Jan. 19, 2000).  As Judge Rakoff has put it, "if being a model probationer with a low risk to reoffend alone were sufficient enough to grant early termination, the exception would become so

large as to swallow the rule." United States v. Gonzales, No. 94-cr-0134 (JSR), 2015 WL 4940607, at *1 (S.D.N.Y. Aug. 3, 2015).[1]

Accordingly, after careful review of the record and of Mr. Goldberg's circumstances, Mr. Goldberg's motion for early termination of supervised release pursuant to 18 U.S.C. §3583(e)(1) (dkt. no. 114) is denied.

The Clerk of the Court shall mail a copy of this order to Mr. Goldberg.

**SO ORDERED.**

Dated:   New York, New York
         August 24, 2020

                              _____Loretta A. Preska_____
                              LORETTA A. PRESKA
                              Senior United States District Judge

---

[1] Furthermore, the Court is aware from the Government's submission, (dkt. no. 116), that Mr. Goldberg was arrested in November 2019 over an alleged domestic dispute.  Although the Court recognizes that any charges related to the incident were dropped, the allegation of domestic violence is serious and counsels against early termination of Mr. Goldberg's term of supervised release.