UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff<br><br>    -against-<br><br>MARK GOLDBERG,<br><br>                Defendant. | 12 Cr. 864 (LAP)<br><br>ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

    Before the Court are Defendant Mark Goldberg's pro se letters (dkt. nos. 121, 122)[1] seeking reconsideration of the Court's order denying Mr. Goldberg's renewed motion for early termination of supervised release (see dkt. no. 120).[2]  Because parts of Mr. Goldberg's letters discuss reconsideration of the Court's order, the Court will construe his letters as a motion for reconsideration pursuant to Local Crim. R. 49.1(d).

    For the reasons set out below, the motion is denied.

I.    Legal Standard

    "A motion for reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources."  Drapkin v. Mafco Consol. Grp., Inc., 818 F. Supp. 2d 678, 695 (S.D.N.Y. 2011) (citation and internal quotation marks omitted).

---

[1] (Letters from Mark Goldberg ("Mots."), dated Mar. 24, 2021 [dkt. no. 121] and May 28, 2021 [dkt. no. 122].)
[2] (Order ("Order"), dated Jan. 4, 2021 [dkt. no. 120].)

"While the Federal Rules of Criminal Procedure do not provide for reconsideration motions, such motions are tacitly accepted in criminal cases in this District by virtue of Local Crim. R. 49.1(d)." United States v. Baldeo, No. S1 13 Cr. 125 (PAC), 2015 WL 252414, at *1 (S.D.N.Y. Jan. 20, 2015).  That rule enables a movant to file "[a] motion for reconsideration . . . within fourteen (14) days after the Court's determination of the original motion" upon "a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked shall accompany the motion." Local Crim. R. 49.1(d).

"The standards for reconsideration among the civil and criminal rules are largely the same." United States v. Daugerdas, No. 09cr581, 2020 WL 4931988, at *2 (S.D.N.Y. Aug. 18, 2020) (quoting United States v. Lisi, No. 15 Cr. 457 (KPF), 2020 WL 1331955, at *2 (S.D.N.Y. Mar. 23, 2020).)  "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Glob. View Ltd. Venture Cap. v. Great Cent. Basin Expl., L.L.C., 288 F. Supp. 2d 482, 483 (S.D.N.Y. 2003) (quoting Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).  Such motions "are properly

granted only if there is a showing of: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) a need to correct a clear error or prevent manifest injustice." See Drapkin, 818 F. Supp. 2d at 696.

II. Discussion

To start, Mr. Goldberg's first letter, dated March 24, 2021 and filed on April 6, 2021 in response to the Court's January 4, 2021 order, is late. In accordance with Local Crim. R. 49.1(d), motions for reconsideration must be filed within 14 days of the Court's determination of the original motion. While courts retain the "discretion to excuse an untimely filing," the court will not do so here. See Lisi, 2020 WL 1331955, at *1.

In addition to making an untimely filing, Mr. Goldberg points to no legal reason or controlling decision that would call for reconsideration of the Court's original determination. Instead, he argues for reconsideration based on (1) his exceptional behavior, (2) his completion of at least one year of supervised release, and (3) the passing of his ex-wife and current litigation regarding his parental rights. He also addresses his 2019 arrest over an alleged domestic dispute that the Court noted in its order dated August 24, 2020. (Mots. at 1-2.)

As to (1), Mr. Goldberg cites his "exceptional behavior" as reason to reconsider the Court's order. While "unforeseen

circumstances" including "exceptional behavior" can warrant early termination of supervised release, evidence of such behavior does not factor into a motion to reconsider a Court's order.  Compare 18 U.S.C. §3583(e)(1), and United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997), with Drapkin, 818 F. Supp. 2d at 696.  Further, the availability of reconsideration of a Court's prior order is not an invitation for parties to "open a dialogue . . . to advance new theories or adduce new evidence in response to the court's rulings."  See de los Santos v. Fingerson, No. 97 CIV. 3972 (MBM), 1998 WL 788781, at *1 (S.D.N.Y. Nov. 12, 1998).  Because Mr. Goldberg did not raise "exceptional behavior" in his underlying motion as a ground for early termination, reconsideration is not warranted based upon the letter Mr. Goldberg proffers in support of his application from the Fountain House community.  See, e.g., United States v. Riley, No. 13 CR 339 (RPP), 2014 WL 774630, at *2 (S.D.N.Y. Feb. 27, 2014).

As to (2), mere compliance with the terms of supervised release does not amount to extraordinary circumstances that would justify termination, nor is it a ground for reconsideration.  See United States v. Rasco, No. 88 CR 817 CSH, 2000 WL 45438, at *2 (S.D.N.Y. Jan. 19, 2000); Drapkin, 818 F. Supp. 2d at 696.  Further, the Court already addressed directly this contention in its prior order. (Order at 1.)

As to (3), the Court's order also addressed the issue raised by Mr. Goldberg regarding the passing of his ex-wife and current litigation concerning his parental rights.  (Order at 2.)  While the Court remains sympathetic to Mr. Goldberg's situation, Mr. Goldberg has not raised any intervening change of law, new evidence, or clear error that would warrant reconsideration of the order.

As for Mr. Goldberg's 2020 arrest, the Court already acknowledged both the arrest and dismissal of charges in the order dated August 24, 2020.[3]  Although Mr. Goldberg now asserts that those charged were dropped, allegations of domestic violence are serious and counsel against early termination of supervised release.  Mr. Goldberg also did not disclose this information in his original motion when he could have done so. See Daugerdas, 2020 WL 4931988, at *2.

Accordingly, the Court declines to reconsider its denial of Defendant's renewed motion for early termination of supervised release.

III. Conclusion

Mr. Goldberg's motions for reconsideration (see dkt. nos. 121, 122) are denied.

---

[3] (Order, dated Aug. 24, 2020 [dkt. no. 118].)

5

The Clerk of the Court shall mail a copy of this order to Defendant.

**SO ORDERED.**

Dated:   New York, New York
         June 15, 2021

*Loretta A. Preska*
_____
LORETTA A. PRESKA
Senior United States District Judge